IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOMINIQUE PIERRE LEONARD, | § | |
| TDCJ-CID NO. 1615579, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-1814 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Dominique Pierre Leonard, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Leonard's Petition") (Docket Entry No. 1) and a Memorandum Brief in Support of 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Docket Entry No. 4). Pending before the court is Respondent Thaler's Motion for Summary Judgment With Brief in Support ("Respondent's Motion for Summary Judgment") (Docket Entry No. 16). Petitioner has not filed a response to Respondent's Motion for Summary Judgment.

### I.  Procedural Background and Petitioner's Claims

#### A.  Procedural Background

Dominique Pierre Leonard is in lawful custody of the Texas Department of Criminal Justice pursuant to an April 22, 2009,

conviction for robbery.[1]  Leonard was sentenced by a jury to life in the Texas Department of Criminal Justice, Institutional Division and was fined $10,000.00.[2]  Leonard appealed his conviction to the Court of Appeals for the First District of Texas at Houston, which affirmed the conviction on November 18, 2010.[3]

Leonard filed a Petition for Discretionary Review ("PDR") in the Texas Court of Criminal Appeals ("CCA") on February 1, 2011.[4] The CCA refused Leonard's PDR on March 9, 2011.[5]

Leonard filed a state application for habeas corpus relief on February 23, 2012.[6]  On May 2, 2012, the CCA denied the state application for habeas corpus relief without written order.[7]

---

[1]Judgment of Conviction by Jury in State v. Leonard, Cause No. 1136957 (185th District Court of Harris County, Texas, April 22, 2009), State Court Records ("SCR"), Docket Entry No. 7-5, p. 41.  Page citations to state court records are the pagination at the top and right of the document.  Page citations to federal court filings are to the native page numbers at the bottom of the page.

[2]Id.

[3]See Memorandum Opinion, SCR, Docket Entry No. 7-11, p. 10. See also Leonard v. State, No. 01-09-00379-CR, 2010 LEXIS 9249, slip op. (Tex. App.–Houston [1st Dist.] 2010, pet. ref'd).

[4]See Leonard's Petition for Discretionary Review ("Leonard's PDR") filed in Leonard v. State, PD-0157-11, SCR, Docket Entry No.7-3, pp. 1-9.

[5]Accessed at www.cca.courts.state.tx.us on June 14, 2013.

[6]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07, Trial Court Case No. 1136957-A, SCR, Docket Entry No. 7-28, pp. 7-29.

[7]See Ex parte Leonard, No. WR-77,422-01 (Tex. Crim. App., May 2, 2012), SCR, Docket Entry No. 7-28, p. 2.

On June 18, 2012, Leonard filed his federal petition for habeas corpus relief (Docket Entry No. 1). Respondent Thaler filed a Motion for Summary Judgment on November 21, 2012 (Docket Entry No. 16). Although Leonard did not respond to Respondent's Motion for Summary Judgment, he sent a letter asking this court to move forward with the grounds raised in his federal petition for habeas corpus relief (Docket Entry No. 21).

**B.   Petitioner's Claims**

Leonard presents the following grounds for habeas relief:

1.   Denial of a fair trial because "the State bolstered the identification testimony of its witnesses."

2.   Ineffective assistance of trial counsel for counsel's "failure to object to the bolstering of state witnesses identification testimony with junk science, namely dog scent lineup result."

3.   Ineffective assistance of trial counsel because "counsel failed to challenge the reliability of dog scent lineups for identity purposes."

4.   Ineffective assistance of trial counsel for counsel "failing to object to the use of junk science, dog scent lineups."

5.   Ineffective assistance of trial counsel for counsel's "failure to request a charge on the lesser included offense of theft."[8]

## II.  <u>Standard of Review</u>

**A.   Summary Judgment**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant

---

[8]Leonard's Petition, Docket Entry No. 1, pp. 6-11.

is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Disputes about material facts are "genuine" if the evidence is such

that a reasonable jury could return a verdict for the nonmoving

party.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511

(1986).  The Supreme Court of the United States has interpreted the

plain language of Rule 56(c) to mandate the entry of summary

judgment "after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on

which that party will bear the burden of proof."  Celotex Corp. v.

Catrett, 105 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the

absence of a genuine issue of material fact', but need not negate the

elements of the nonmovant's case."  Little v. Liquid Air Corp., 37

F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting Celotex, 106

S. Ct. at 2553).  If the moving party meets this burden, Rule 56(c)

requires the nonmovant to show that specific facts exist over which

there is a genuine issue for trial.  Id. (citing Celotex, 106 S. Ct.

at 2553-54).  In reviewing the evidence "the court must draw all

reasonable inferences in favor of the nonmoving party, and it may not

make credibility determinations or weigh the evidence."  Reeves v.

Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

**B.   Presumptions Applied in Habeas Cases**

Because Leonard filed his federal petition for a writ of

habeas corpus on June 18, 2012, the petition is subject to review

under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party. Reeves, 120 S. Ct. at 2110. However, the amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment in habeas corpus cases.

In a habeas corpus case, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court shall be "presumed to be correct." The habeas petitioner may rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This statute overrides the ordinary summary judgment rule, i.e., disputed facts must be construed in the light most favorable to the nonmoving party. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)). Therefore, a court will accept any findings of fact made by the state court as correct unless the habeas petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The provisions of § 2254(d) set forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on materially indistinguishable facts. Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523.

In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fair-minded jurists could disagree on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (internal quotation marks omitted).

### III.  Analysis

**A.  Claim (1):  Denial of Fair Trial Due to Bolstering Identification Testimony**

Leonard claims that he was denied a fair trial because "the State bolstered the identification testimony of its witnesses."[9]

---

[9]Leonard's Petition, Docket Entry No. 1, p. 6.

-6-

More specifically, Leonard argues that the state used Deputy Keith Pikett's testimony that his dogs linked scent left at the crime scene to Leonard to bolster the identification testimonies of other witnesses, including the testimonies of bank tellers and Leonard's cousin.[10]  Citing <u>Rousseau v. State</u>, 855 S.W.2d 666, 681 (Tex. Crim. App. 1989), <u>cert. denied</u>, 114 S. Ct. 313 (1993), Leonard argues that bolstering occurs when evidence is improperly used to add credence or weight to earlier unimpeached evidence.[11]  Furthermore, Leonard argues that the state habeas courts misconstrued his contention of bolstering as a challenge to the sufficiency of the evidence.[12]  Respondent argues that the claim is without merit because (1) the claim is not cognizable as a federal habeas claim and (2) the testimony of Pikett was not used to bolster the identification testimony of other witnesses.[13]  The court agrees with Respondent.

    1.  <u>Applicable Law</u>

    Under Texas law, "bolstering" is considered to be "any evidence the sole purpose of which is to convince the factfinder

_____

[10]Memorandum Brief in Support of 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Leonard's Memorandum"), Docket Entry No. 4, pp. 6-7.

[11]<u>Id.</u> at 7.

[12]<u>Id.</u>

[13]Respondent's Motion for Summary Judgment, Docket Entry No. 16, pp. 11-13.

that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (en banc) (internal quotation marks omitted). In Rousseau, 855 S.W.2d at 681, the Court explained that "[w]hen the State elicited testimony concerning the quality of the officers' investigative skills, appellant had not called those skills into question by prior impeachment of the officers' testimony. This testimony was therefore, as appellant contends, improper bolstering." Evidence that is used to corroborate other evidence or sources of evidence should not be construed as "bolstering." Id. at 820. In order for an evidentiary claim raised in a federal habeas corpus petition to be cognizable, a state court's evidentiary ruling must (1) run afoul of a specific constitutional right or (2) render the trial fundamentally unfair. Pemberton v. Collins, 991 F.2d 1218, 1226 (5th Cir. 1993).

The Fifth Circuit has held that "an evidentiary error in a state trial justifies federal habeas corpus relief only if error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." Bridge v. Lynaugh, 838 F.2d 770, 772 (5th Cir. 1988). In such cases, the evidentiary error raised by the habeas petition must be "a crucial, critical, or highly significant factor in the context of the entire trial." Id.

-8-

2.    <u>The State Did Not Improperly Bolster the Identification
      of Leonard as the Robber with Improper Evidence</u>

During Leonard's trial three bank tellers and Leonard's cousin
identified him as the bank robber.  Pikett explained how dog scent-
identification lineups are conducted in general, the types of dogs
Pikett uses and trains, and how Pikett conducted the specific dog
scent lineup to link scent left at the crime scene to Leonard.[14]
Leonard argues that Pikett's testimony provided additional weight
to the reliability of the identification testimony provided by the
bank tellers and by Leonard's cousin.[15]

Pikett's testimony regarding the dog scent lineups did not
amount to bolstering because it was used to provide the jury with
evidence that Leonard was at the crime scene.  Leonard fails to
show that Pikett's testimony was used to persuade the jury that any
witness should be given more credibility.  <u>Cohn</u>, 849 S.W.2d at 819-
20; <u>Rousseau</u>, 855 S.W.2d at 681.

Furthermore, even if Pikett's testimony did amount to
bolstering, Leonard fails to demonstrate that the alleged
evidentiary error was "a crucial, critical, or highly significant
factor in the context of the entire trial" and that it resulted in
a "denial of fundamental fairness under the Due Process Clause."
<u>Bridge</u>, 838 S. Ct. at 772.  The primary evidence against Leonard
was the identification testimony of the three bank tellers and
Leonard's cousin that Leonard was the robber.  In light of the

---

[14]SCR, Docket Entry No. 7-20, pp. 18-54.

[15]Leonard's Memorandum, Docket Entry No. 4, pp. 6-7.

testimony of these other witnesses, Pikett's testimony regarding the dog scent lineups was not a highly significant factor in the context of the entire trial, and thus did not result in "a denial of fundamental fairness under the Due Process Clause."   Id. Because Leonard has failed to present evidence of a violation of a constitutional right, Leonard's claim of a state evidentiary error is not cognizable under federal habeas corpus review.   See Bridge, 838 F.2d at 772 (errors of state law and procedure are not cognizable in federal habeas proceedings unless they result in violations of a federal constitutional right).

For the reasons state above, the court concludes that Leonard's claim of a denial of a fair trial because of the state's bolstering identification testimony is without merit, and Respondent is entitled to summary judgment on this claim.

**B.   Claims (2)-(5):  Ineffective Assistance of Trial Counsel**

Leonard claims that his trial counsel provided him ineffective assistance by:

    (1)   "fail[ing] to object to the bolstering of state witnesses identification with junk science, namely dog scent lineup result";

    (2)   "fail[ing] to challenge the reliability of dog scent lineups for identity purposes";

    (3)   "failing to object to the use of junk science, [namely] dog scent lineups";

    (4)   "fail[ing] to request a charge on the lesser included offense of theft."[16]

_____

[16]Leonard's Petition, Docket Entry No. 1, pp. 6-11.

1.   <u>Applicable Law</u>

A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standards set out in <u>Strickland v. Washington</u>, 104 S. Ct. 2052 (1984).  To assert a successful ineffectiveness claim a petitioner must establish both that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense.  <u>Id.</u> at 2064.  The failure to demonstrate either deficient performance or prejudice due to deficient performance is fatal to an ineffective assistance of counsel claim.  <u>Green v. Johnson</u>, 160 F.3d 1029, 1035 (5th Cir. 1998).

The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 104 S. Ct. at 1064.  To demonstrate prejudice, the second prong requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Wilkerson v. Collins</u>, 950 F.2d 1054, 1064 (5th Cir. 1992).  A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice.  <u>Lamb v. Johnson</u>, 179 F.3d 352, 360 (5th Cir. 1999).

In order to prevail, a petitioner must overcome a strong presumption that counsel rendered reasonable professional judgment. <u>Id.</u> at 2065-66.  The petitioner must also overcome the presumption

-11-

that under the circumstances his attorney's acts or omissions might be considered sound trial strategy. Bell v. Cone, 122 S. Ct. 1843, 1852 (2002) (explaining that this rule applies even where the deferential standard of 28 U.S.C. § 2254(d)(1) does not apply).

   2.   Analysis

      (a)   Trial Counsel Was Not Ineffective in Failing to Object to Pikett's Testimony as Bolstering

Leonard's second claim pertains to ineffective assistance of trial counsel stemming from his trial counsel's "failure to object to the bolstering of state witnesses identification testimony with junk science, namely dog scent lineup result."[17] Respondent argues that Leonard's claim is without merit because (1) Pikett's testimony was used to corroborate and provide additional evidence, and (2) trial counsel's failure to make frivolous objections does not render counsel's assistance ineffective. The court agrees with Respondent.

Because the first prong of the test set forth in Strickland requires petitioner to show that counsel's performance was deficient, Leonard must show that, by a preponderance of the evidence his trial counsel's performance was deficient in failing to object to Pikett's testimony about dog scent lineups. Leonard argues that his trial counsel should have objected to Pikett's testimony because that testimony was "cumulative" in that it

---

[17]Leonard's Petition, Docket Entry No. 1, p. 6.

amounted to the bolstering of other witnesses' testimonies.  For the reasons stated in § III(A)(2) above, the court has already concluded that Pikett's testimony did not amount to bolstering, but rather corroborated or provided additional evidence that Leonard had been at the crime scene.  Any objection to Pikett's testimony would thus have been futile.  Trial counsel is not required to make futile motions or objections.  Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).  Therefore, Leonard's claim fails to show that his trial counsel's performance was deficient for failing to object to Pikett's testimony.

Because Leonard made an insufficient showing that his counsel's performance was deficient, there is no need to determine if counsel's performance prejudiced Leonard's defense.  Strickland, 104 S. Ct. at 2069; Green, 160 F.3d at 1035.  Even if Leonard's trial counsel had objected to Pikett's testimony, however, there was no "reasonable probability" that the outcome would have been different since the evidence of Leonard's guilt was overwhelming without Pikett's testimony.  Wilkerson, 950 F.2d at 1064.  Therefore, Leonard was not prejudiced by his trial counsel's failure to object to Pikett's testimony.  Accordingly, Respondent is entitled to summary judgment on Leonard's claim of ineffective assistance of counsel based on trial counsel's failure to object to Pikett's testimony.

(b)   Trial Counsel Was Not Ineffective in Failing to
      Challenge the Reliability of Dog Scent Evidence in
      General or As Applied to Leonard's Case

Leonard argues that he received ineffective assistance of trial counsel because his "counsel failed to challenge the reliability of dog scent lineups for identity purposes." Leonard specifically argues that prior to his trial the reliability of Pikett's dog scent lineups for purposes of identification had been called into question, and that his trial counsel should have challenged the reliability of Pikett and the dog scent lineups. Citing Strickland, 104 S. Ct. at 2067-77, Leonard also argues that because of the questionability of Pikett's dog scent lineups in general, his trial counsel should have made a more thorough investigation as to the reliability of Pikett's dog scent lineups.[18] Lastly, relying on Rylander v. State, 101 S.W.3d 107 (Tex. Crim. App. 2003) (en banc), Leonard argues that Texas courts generally require a habeas petitioner's trial counsel to respond to an ineffective assistance claim.[19]

Leonard's fourth claim is similar to that of his third claim. Leonard argues that his trial counsel rendered ineffective assistance by "failing to object to the use of junk science, namely dog scent lineups."[20]   Citing to four cases, Leonard argues that

---

[18]Id. at 10.

[19]Leonard's Memorandum, Docket Entry No. 4, pp. 10-11.

[20]Leonard's Petition, Docket Entry No. 1, p. 7.

Pikett's testimony was misleading about his dogs' ability to accurately match a suspect's scent to a scent lifted from a crime scene, and that his trial counsel should have investigated more thoroughly.[21] Leonard argues further that if his trial counsel had objected to the reliability of the dog scent lineups, the trial court would have been obligated to exclude the dog scent lineups from evidence based on Texas Rules of Evidence, Rule 403, which states: "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

Under the <u>Strickland</u> standard, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Strickland</u>, 104 S. Ct. at 2066. To show prejudice from an alleged failure to investigate, a habeas petitioner "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989). When a habeas petitioner makes a claim of ineffective assistance based on failure to investigate, the court must directly assess trial counsel's decision not to investigate "for reasonableness in all the circumstances, applying a heavy

---

[21]Leonard's Memorandum, Docket Entry No. 4, pp. 14-15.

measure of deference to counsel's judgment." <u>Wiggins v. Smith</u>, 123 S. Ct. 2527, 2535 (2003); <u>Trottie v. Stephens</u>, __ F.3d __, 2013 WL 2918313, *5 (5th Cir. June 14, 2013).

Although trial counsel must conduct a reasonable amount of investigation, Leonard has not shown that his trial counsel's failure to object to the reliability or use of the dog scent lineups was due to inadequate investigation. <u>See</u> <u>Nealy v. Cabana</u>, 764 F.2d 1173, 1177 (5th Cir. 1985); <u>Martin v. Maggio</u>, 711 F.2d 1273, 1280 (5th Cir. 1983). While Leonard cites to cases that he claims scrutinized Pikett's dog scent lineups, at the time of Leonard's trial, the only available decision was the opinion in <u>Buchanek v. City of Victoria</u>, No. V-08-08, 2009 WL 500564 (S.D. Tex. Feb. 27, 2009). <u>Buchanek</u> was a civil rights case in which a plaintiff alleged Pikett's scent lineup was not properly conducted to ensure accuracy and reliability. <u>Id.</u> Although at the time of Leonard's trial Pikett's motion to dismiss the complaint filed in <u>Buchanek</u>, 2009 WL 500564, had been denied, at least one Texas court had held that scent lineups were a "legitimate field of expertise" and that Pikett's methods properly relied upon and utilized the principles involved in the field. <u>See</u> <u>Winston v. State</u>, 78 S.W.3d 522, 526-29 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). Even though this position has since been rejected by the CCA, <u>see</u> <u>Winfrey v. State</u>, 323 S.W.3d 875, 883-84 (Tex. Crim. App. 2010) ("[W]e conclude that scent-discrimination lineups, when used alone or as primary evidence, are legally insufficient to support a

conviction."), Leonard has not established that his trial counsel was deficient for failing to conduct a sufficient investigation.

Furthermore, Leonard fails to satisfy the prejudice prong of Strickland. To prove prejudice from an alleged failure to investigate, Leonard must (1) allege with specificity what the investigation of Pikett's dog scent lineups would have revealed and (2) how the investigation would have changed the outcome of the trial. Green, 882 F.2d at 1003. While Leonard argues that a thorough investigation would have revealed the recent question-ability of Pikett's dog scent lineups, Leonard fails to show prejudice because he has not established that such an investigation would have changed the *outcome* of his trial. There was ample evidence besides Pikett's testimony to support Leonard's robbery conviction, e.g., bank tellers' testimonies, Leonard's cousin's testimony, and the presence of the stolen bank bag in Leonard's possession. Even if Leonard's trial counsel had successfully objected to the reliability and use of the dog scent lineups, there was sufficient evidence against Leonard to prove his guilt. Because there was not a "reasonable probability" that the outcome of Leonard's trial would have been different, Leonard was not prejudiced and thus fails the second prong of the Strickland test. Therefore, Respondent is entitled to summary judgment as to Leonard's third and fourth claims, i.e., that his trial counsel was ineffective by failing to challenge the reliability of dog scent evidence in general or as applied to this case.

(c)   Trial Counsel Was Not Ineffective in Failing to Request a Jury Instruction on the Lesser Included Offense of Theft

Leonard's last claim of ineffective assistance of trial counsel is premised on his trial counsel's "failure to request a charge on the lesser included offense of theft."[22]   Based on the state records, the jury instructions only include a charge for the offense of robbery.[23]   The offense of robbery under Texas law provides:

(a)   A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1)   intentionally, knowingly, or recklessly causes bodily injury to another; or

(2)   intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

(b)   An offense under this section is a felony of the second degree.

Tex. Penal Code § 29.02.   Theft is a lesser included offense of robbery, and under Texas law "[a] person commits an offense [of theft] if he unlawfully appropriates property with intent to deprive the owner of property."   Tex. Penal Code § 31.03(a). Leonard argues that his trial counsel should have requested a jury instruction on theft because there was no evidence that he "intentionally or knowingly threaten[ed] or place[d] another in

---

[22]Id. at 16-19.

[23]SCR, Docket Entry No. 7-5, pp. 23-25.

fear of imminent bodily injury or death" as required by Texas Penal Code § 29.02, Robbery.[24]

To determine whether a jury instruction for a lesser offense should be given, Texas law requires that: (1) "the lesser included offense must be within the proof necessary to establish the offense charged"; and (2) "there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense." Richards v. Quarterman, 566 F.3d 553, 568 (5th Cir. 2009). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." Threadgill v. Thaler, 425 Fed. Appx. 298, 304-05 (5th Cir. 2011) (quoting Ferrel v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001)). Leonard argues that there was no evidence that he intentionally or knowingly threatened or placed the bank teller, Angele Ricard, in fear of imminent bodily injury or death.[25] However, the state presented evidence that Leonard committed robbery by placing Ricard in fear for her safety.[26] Ricard testified that Leonard walked up to her counter, handed her a card that said "Give me your hundreds, 50s, and 20s," and that when she read the card she was "in shock" and was scared that the bank robber had a bag and may have had a weapon in his bag.[27] This was ample evidence that the bank robber

_____

[24]Leonard's Petition, Docket Entry No. 1, p. 11.

[25]Id.

[26]SCR, Docket Entry No. 7-17, p. 49.

[27]Id. at 48-49.

intentionally or knowingly threatened or placed the bank teller in fear of imminent injury or death.  Leonard also argues that the evidence taken as a whole shows that he was only guilty of the offense of theft.[28]  This argument is conclusory since Leonard failed to identify an evidentiary basis so that the jury could have found him guilty only of theft.

Moreover, a trial counsel's decision not to request a jury instruction for a lesser included offense may be trial strategy and must be accorded "a heavy measure of deference and should not be second guessed."  Bell, 122 S. Ct. at 1852; Geiger v. Cain, 540 F.3d 303, 309 (5th Cir. 2008).  The state court records reveal that Leonard's defense at trial focused on (1) the questionability of the identifications of him as the bank robber and (2) the state's failure to prove his guilt beyond a reasonable doubt.[29]  Because Leonard was claiming actual innocence and sought to cast doubt on his identifications, his trial counsel's decision not to request a jury instruction for the lesser included offense of theft may have been reasonable trial strategy.  The court finds that Leonard has not overcome the strong presumption that his trial counsel's decision was sound trial strategy and thus should not be reviewed in hindsight.  Bell, 122 S. Ct. at 1852.

Based on the reasons set forth above, the court concludes that Leonard's ineffective assistance claim based on his trial counsel's

---

[28]Leonard's Memorandum, Docket Entry No. 4, pp. 17-18.

[29]SCR, Docket Entry No. 7-20, pp. 60-70.

failure to request the lesser included offense of theft does not satisfy the two prongs set forth by Strickland.  Respondent is entitled to summary judgment on Leonard's fifth claim.

## IV.   Certificate of Appealability

Although Leonard has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits Leonard must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004).  To make such a showing Leonard must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.  Where a district court denies a federal habeas petition on procedural grounds, the petitioner must show:  (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

For the reasons stated in this Memorandum Opinion and Order, Leonard has not demonstrated that a COA should be issued.  Leonard has not made a substantial showing of a denial of a constitutional

-21-

right in the claims raised in his federal habeas petition.   The court also concludes that "jurists of reason" would not find it debatable whether the district court was correct in its procedural ruling.   Accordingly, petitioner is not entitled to a COA on the court's decision to dismiss the federal habeas corpus claims with prejudice.

## IV.   Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment With Brief in Support (Docket Entry No. 16) is **GRANTED**.

2. Leonard's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 27th day of June, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE